Per Curiam.

Petitioner’s contention that he was not represented by competent counsel is not well made inasmuch as this is a matter which must be raised by appeal rather than by habeas corpus. Rodriguez v. Sacks, Warden, 173 Ohio St., 456; McConnaughy v. Alvis, Warden, 165 Ohio St., 102. It is noted that a motion for leave to appeal alleging lack of competent counsel was filed by petitioner in the Court of Appeals for Lucas County. The motion was denied. Petitioner could have appealed to this court on the ground that the Court of Appeals had abused its discretion in denying the motion. No such appeal was attempted.
Petitioner contends further that the Governor had no authority under the provisions of Section 2949.30, Revised Code, to set a date of execution.
When a stay of execution is granted by this court, it is with *59 in the inherent power of the court to terminate such stay of execution and to set a date when the sentence shall be carried into execution. Accordingly, the question of the authority of the Governor under the provisions of Section 2949.30, Revised Code, has become moot.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, O’Neill, Griffith and Herbert, JJ., concur.
Matthias, J., not participating.